# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EARL J. BROWN, | ) | |
| Plaintiff, pro se, | ) | No. 1:08CV332 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LEWISBURG CITY COURT, | ) | **AND RECOMMENDATION** |
| Defendant. | ) | |

This matter is back before the court for a review of the *pro se* Plaintiff's response to the court's Order entered May 23, 2008. The order required that Plaintiff particularize his complaint so that the court could make an informed decision whether Plaintiff was able to state a claim. For the reasons set out below, the court has determined that Plaintiff has failed to state a claim, and it will be recommended that the complaint be dismissed.

## BACKGROUND

On May 14, 2008, Plaintiff Earl Brown filed an IFP application in this district seeking remedy for various alleged injuries resulting from Plaintiff's driving record being confused with a different person's criminal record.[1] Plaintiff became aware of this record mistake as early as June 1997 (*see* docket no. 5, Ex. A) and certainly by November 12, 2003, when he was denied a duplicate license in North Carolina and

---

[1] Plaintiff Earl J. Brown of High Point had his record "mixed-up" with the record of William Earl Brown of Tennessee. Plaintiff is African American while William Earl Brown is Caucasian. William Earl Brown has two offenses for Driving While Intoxicated on his record, both of which occurred in 1980 in Tennessee, and these two offenses have appeared on Plaintiff's record. (Compl. and Pl.'s Resp.)

a state official told Plaintiff a driving violation from Tennessee appeared on his record. (Compl.) Plaintiff's record was corrected in North Carolina; however, Plaintiff alleged that he was still being held responsible for these mistaken charges in Tennessee. *Id.*

After reviewing Plaintiff's complaint, a particularization order was entered on May 23, 2008 requiring that Plaintiff provide this court evidence that venue in this district was proper, that he identify a defendant subject to suit under section 1983, and that Plaintiff name the specific constitutional right infringed by Defendant. In response, Plaintiff provided evidence that he was arrested on June 10, 1997, in High Point within this judicial district, in part, due to this record mistake. (Pl.'s Resp., docket no. 5.) Plaintiff stated that during this incident he was handcuffed, his car was searched, he was taken before a magistrate, and released on his own signature. *Id.* Plaintiff proceeded to file a complaint with the High Point police department. *Id.* The police department investigated Plaintiff's complaint and then dismissed the charges. *Id.* This incident was in addition to Plaintiff's inability to initially obtain a duplicate licence on November 12, 2003. *Id.* Plaintiff also produced a misdemeanor citation dated May 25, 2005, for failing to wear a seat belt in High Point.

## ANALYSIS

    **A. Venue**

-2-

Case 1:08-cv-00332-JAB-WWD   Document 7   Filed 06/09/08   Page 2 of 8

Proper venue for determining where a civil suit may be filed in federal court is governed generally by 28 U.S.C. § 1391. The statute provides that a civil suit must be brought in a district where the defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where a defendant is subject to personal jurisdiction. For all that appears in the complaint, the named defendant is an arm of the municipal government of Lewisburg, Tennessee. It is obvious that the municipality of Lewisburg, Tennessee is not located within this judicial district.

Venue may be proper here if allegations of constitutional deprivations analogous to tort actions arose within this district. *See Maney v. Ratcliff*, 399 F. Supp. 760, 766–67 (E.D. Wis. 1975) (stating that the "traditional rule is that the claim or cause of action arises where the injury occurs, since until there is an injury an essential element of the cause of action is missing"). Since venue may also be proper in multiple districts, a court "should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather, it should review the entire sequence of events underlying the claim." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (internal citations omitted).

Plaintiff alleged two injuries arising in this district from the action of Defendant: First, an arrest in 1997, and second an initial inability to obtain a duplicate license in 2003. In both circumstances, the State of North Carolina remedied the situation by apologizing for the mistake and dismissing charges in 1997, and by clearing

Plaintiff's record and issuing a duplicate license in 2003. (*See* Compl. and Pl's Resp.)  Unlike the plaintiff in *Maney*, Plaintiff here has not demonstrated any injury occurring in this district once North Carolina officials were made aware of and corrected Plaintiff's record.  As for the failure to wear a seatbelt citation, Plaintiff utterly fails to allege or connect the state's action with the record confusion involving William Earl Brown of Tennessee.  Reading the complaint in a light most favorable to Plaintiff, this court is not able to conceive of any "adverse consequences" that would enable a federal court to become involved in Plaintiff's "abstract dissatisfactions."  *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989).  Thus, Plaintiff has failed to demonstrate that these remedies have failed to cure any injury that might make venue in this district proper.

### B. Statute of Limitations

In addition, even assuming arguendo that venue here is proper, the court must determine the proper statute of limitations to apply to claims and whether Plaintiff's complaint is time-barred.  "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."  *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985).  *See also Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991) (stating that since "there is no federal statute of limitations applicable to suits under [section] 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous

-4-

state statute of limitations") (internal citations omitted).  Here N.C. GEN. STAT. § 1-52(2) establishes three years as the appropriate time limitation when liability is created by either state or federal statute.

While the time limitation derives from state law, *when* a cause of action accrues is determined by federal law.  *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995).  A cause of action under federal law begins to accrue "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.*  The Supreme Court has held the critical facts in determining time accrual are that a plaintiff knows he has been hurt and who inflicted the injury.  *United States v. Kubrick*, 444 U.S. 111, 123 (1979).  While normally the statute of limitations must be pled as an affirmative defense, it is appropriate for a district court to dismiss a complaint *sua sponte* as frivolous if on "the face of the complaint" it is clear that the claim would be barred by the time limitation.  *See Nasim*, 64 F.3d at 956.  *See also Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983) (affirming district court's dismissal of section 1915(d) actions which on their face appear to be barred by the statute of limitations).  *Cf. Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 657 (4th Cir. 2006) (noting that the general rule prohibiting a district court from raising the statute of limitations defense *sua sponte* in "ordinary civil litigation" does not apply in section 1915 in forma pauperis litigation because of cost considerations and screening requirements).

Plaintiff's action, read liberally, relies on section 1983 as the source for his cause of action and thus three years is the appropriate time limit as determined by North Carolina law. *See Bireline v. Seagondollar*, 567 F.2d 260, 262–63 (4th Cir. 1977) (noting that in North Carolina section 1983 actions must be brought within the three-year limitation established N.C. GEN. STAT. § 1-52(2)); *Rogerson v. Fitzpatrick*, 121 N.C. App. 728, 731, 468 S.E.2d 447, 450 (1996) ("The statute of limitations period for § 1983 actions in North Carolina [is] three years."). Plaintiff has only provided evidence of injuries occurring on June 10, 1997, for an arrest and November 12, 2003, for inability to obtain a duplicate drivers license. It is at this time that Plaintiff with reasonable inquiry should have realized he had a cause of action and that officials in Tennessee were responsible. *See Kubrick*, 444 U.S. at 123; *Nasim*, 64 F.3d at 955. Since both injuries alleged by Plaintiff occurred beyond the three-year statute of limitations, dismissal is proper.

### C. Failure to Name a Proper Defendant

In order for a plaintiff to bring suit under section 1983, the defendant must be a "person." In *Callahan v. City of Philadelphia*, 207 F.3d 668, 673 (3d Cir. 2000), the court held that the Warrant Division of the First Judicial District and the Municipal Court Eviction Unit were not "persons" under section 1983. In making this determination, the court found that these judicial defendants were not independent of the Commonwealth of Pennsylvania and were part of the unified judicial system subject to the control of the Pennsylvania Supreme Court, despite being funded

-6-

Case 1:08-cv-00332-JAB-WWD    Document 7    Filed 06/09/08    Page 6 of 8

locally. *Id. See also Black v. Circuit Court of Wythe County*, No. 7:07-cv-00205, 2007 WL 1289911, at *1 (W.D. Va. May 1, 2007) (stating that a "circuit court is not a 'person' subject to suit under § 1983") (unpublished); *Oliva v. Boyer*, No. 98-1696, 1998 WL 637405, at *1 (4th Cir. Sept. 11, 1998) (stating that Superior Court of Pennsylvania "is not a person" as defined by section 1983) (unpublished).

Plaintiff named Lewisburg City Court as Defendant, and he failed to respond to this court's particularization order requiring that a proper defendant be named; thus, dismissal on this ground is proper.

### D. Violation of Due Process Rights

While this memorandum was in draft, Plaintiff provided yet another document which shows that a North Carolina traffic citation for a seat belt violation was issued to him (docket no. 6, Ex. A). To be sure, this violation cannot have been the result of the Tennessee mix-up, which is the subject of Plaintiff's complaint and his response to the May 23 particularization order. Nevertheless, in this latest filing Plaintiff appears to contend a due process violation. Unfortunately for Plaintiff, a due process violation is "not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Even "an unauthorized intentional deprivation . . . by a state employee does not [violate] the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). As noted, the State of North Carolina has afforded Plaintiff remedies for

his injuries. The facts as provided by Plaintiff, and assumed to be true, lead this court to the inescapable conclusion that Plaintiff is unable to successfully allege a violation of his due process rights in this district.[2] As such, any alleged claim of Plaintiff's due process rights being violated must be dismissed.

## **CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed for failure to state a claim.

_____
WALLACE W. DIXON
United States Magistrate Judge

June 9, 2008

---

[2] Plaintiff has failed to produce any evidence that he has availed himself of similar procedures or avenues for remedy that might be established in the State of Tennessee. While such actions or evidence would still make this court unavailable to him upon the facts alleged, it would be necessary for Plaintiff to produce such evidence if he decides to pursue action within the proper district.